EDWARDS, J.,
dissents with reasons.
hi respectfully dissent from the majority’s opinion in this matter. In my view, the defendant’s motion to suppress was meritorious and should have been granted. While I do not quarrel with the law as set forth in the majority opinion, I disagree with the application of the law to the facts of this case.
The facts show that the defendant was standing in front of an apartment complex, which displayed a “No Loitering” sign, at about 8:00 p.m. The area was described as high crime in which officers had made prior drug arrests. The defendant was observed attempting to flag down cars for about five or ten seconds. As defendant began to walk away, officers noticed that defendant made a “quick sweeping motion under his shirt.”
I find no articulated suspicion that the suspect was committing or about to commit an offense, a basic requirement to support a reasonable suspicion for the stop. The arresting officers testified that they saw nothing that looked like a drug transaction. The defendant, who was there only for a matter of seconds, merely walked away when he saw the police officers approach.
Clearly, a law enforcement officer has the right to temporarily detain and interrogate a person whom the officer reasonably suspects is committing, has committed or is about to commit a crime.[10] However, an un-particularized hunch 12based on the officer’s subjective beliefs or attitudes instead of a completely objective evaluation of the circumstances is insufficient to establish reasonable grounds to stop an individual.[11]
I recognize that officers have the right to approach a citizen and engage in conversation even without reasonable suspicion of criminal activity. However, when there is no articulated suspicion of criminal activity, a citizen has the right to walk away. I find that, in this case, defendant was exercising that right. I believe that any evidence seized from defendant was the fruit of an illegal stop, and should have been suppressed.[12]
Accordingly, I would hold that the trial court erred in denying defendant’s motion to suppress the evidence and I would vacate his conviction.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. State v. Gagnon, 01-1302 (La.App. 5 Cir. 4/10/02), 817 So.2d 167, 170.

. Wong Sun v. United States, 371 U.S. 471, 485, 83 S.Ct. 407, 415-16, 9 L.Ed.2d 441 (1963).